## Sloan *v.* Bryant.

Bail cannot make an effectual surrender of the principal in court, unless there be an action pending against the principal or the bail.

Notice to the creditor of the commitment of the principal to prison by his bail, cannot be supplied by a notice of the principal to the creditor, that he has applied to take the poor debtor's oath.

Scire facias against the defendant, as bail of one Hartwell, on a writ in favor of the plaintiff against him. The plaintiff, having produced the proper record evidence to sustain the *scire facias*, the defendant introduced the following evidence, and contended that upon the facts proved by him, he was discharged from his liability as bail. It was proved by the defendant, that on the return day of the execution, in favor of the plaintiff against Hartwell, and before the adjournment of the court on that day, to which the execution was returnable, the defendant produced the body of

Hartwell to the sheriff, in whose hands the execution had been placed, and by whom the notice to the bail had been served; the sheriff declined to arrest him when thus produced, alleging as the reason that he had returned the execution to the clerk of the court on that day, after the opening of the court in the morning, and before the time Hartwell was produced to him. Upon the following day, proceedings were had in court, of which the following is a copy of the record:

Court of common pleas, October term, 1852.

D. Sloan *v.* J. Hartwell and J. S. Bryant, bail of said Hartwell.

Said J. S. Bryant appears in court, and brings with him the body of said J. Hartwell, and a copy of the execution, and sheriff's return thereon, in said action, which is hereunto annexed, and moves to be discharged; and it appearing to the court that the costs of notifying said Bryant as bail, have been paid, and that no *scire facias* has issued, it is, therefore, ordered that said J. Hartwell be committed to the custody of the keeper of the jail, so that he may be taken in execution, and detained in prison till he be discharged in due course of law, and that said J. S. Bryant be discharged."

It was proved that the fees of the sheriff for notifying the bail were paid. Hartwell was committed to jail, and on the same day was discharged, on giving bond agreeably to the statute for the ease and relief of poor debtors. Hartwell afterwards, on the same day, made application to two justices of the peace and quorum, to be admitted to take the oath prescribed by that act, upon which notice was issued and served on the plaintiff, and he was subsequently admitted to take the oath. There was no other evidence of notice to the plaintiff of the commitment of Hartwell to jail.

A verdict was taken for the plaintiff, subject to the opinion of the superior court.

*Chapman*, for the plaintiff.

*J. S. Bryant, pro se.*

BELL, J.   It is settled that an execution remains in force on the return day, so long as the court to which it is returnable, continues in session on that day, and no longer.   *Blaisdell* v. *Sheafe*, 5 N. H. Rep. 202.   It is contended from this principle that it is the duty of the officer to retain the execution in his hands until the adjournment of the court, and to be ready to accept the surrender of the principal, by his bail, until that time.   But this conclusion, we think, by no means follows.   By the precept of the writ, the officer is required to " make due return of this writ, with his doings thereon, to said court, to be holden at ———— in said county, upon the ———— Tuesday of ———— ."   Rev. Stat. ch. 193, § 10.

This direction is fully complied with, if the officer makes his return at any time after the opening of the court, on the return day.   By the Revised Statutes, ch. 201, § 1, in order to charge the bail, the officer is required " to keep such execution until the return day thereof ;" and it seems to us a reasonable construction of these statute provisions, that the officer may return his precept to the court, at any time during the return day, though he is not required to do so until the close of the session of the court on that day.   If he retains the execution in his hands, it retains its force until the adjournment of the court.   If it is returned at any time during the day, it has lost its force, and the officer has fulfilled his duties, because he has no power to regain the execution after it has been placed upon the files.

In the present case, the execution was returned by the sheriff, after the opening of the court on the return day, and

the duty and power of the sheriff were at an end. The offer to surrender the principal to him after that time was, of course, merely nugatory.

The proceedings in court seem to be relied upon as a principal defence, and the case mainly rests upon that question. At common law, the right to surrender the principal in court, after the rendition of judgment against the principal, was not originally a matter of legal right, but was a matter of favor allowed by the court. 1 Tidd's Prac. 236.

It was confined to a single case. If, upon a *scire facias* by the creditor against the bail, the bail brought into court the principal, and surrendered him in court, and paid the costs of the proceedings, the court accepted the surrender and discharged the bail, and ordered the principal into custody.

The object of taking bail was thus secured by the surrender, since the plaintiff was thereby enabled to avail himself of the person of his debtor, to secure and enforce the payment of his debt, if he chose to avail himself of it.

The law of this State, though in many respects greatly changed, remained, in this respect, entirely unaltered until the passage of the Revised Statutes.

It is assumed by the defendant, as it was by the bail in *Randall's Case*, 3 Foster's Rep. 255, that the law, in this respect, was entirely changed by the Revised Statutes, and that, under them, a surrender may be made by the bail in court, at any time, whether there is a *scire facias* pending or not. This question did not arise in *Randall's Case*, and was not considered there, that case turning upon other parts of the statutes. The construction contended for impresses us very unfavorably, because it would authorize a singular disregard of the first principles of justice. It supposes that it was the design of the Legislature to authorize the courts to make orders for the discharge of bail, in cases where no proceedings were pending in court, and without any notice, real or supposed, to the party whose interests are to be

affected. There is a strong intrinsic improbability that any such legislation should have been designed, and such a construction of the statutes can be adopted only when it is found that they are reasonably capable of no other.

The provisions applicable to this case are found in sections 5 and 6 of chapter 201 of the Revised Statutes. They provide that " if the officer shall make return on the execution against the principal, that he has made diligent search, and has not been able to find the principal in his precinct, and that he gave notice to the bail as herein prescribed, the creditor may have a writ of *scire facias* against the bail, and judgment and execution against him for the amount of such execution and interest and for costs. If the bail shall, at any time before judgment against them, bring into court the body of the principal, and move to be discharged, they shall be discharged, and the court shall order the keeper of the prison to receive him into custody, and he shall be holden in the same manner as if he had been committed on the writ for want of bail.

It is a general rule, that the parts of a statute, as well as different statutes relative to the same subject, are to be construed together. These sections, we think it clear, are to be so construed, and they must be, then, understood as if they had said, " if the bail shall bring into the court in which such *scire facias* shall be pending," &c. These sections are abridged from the statute of 1791, which was in force before the passage of the Revised Statutes, where the sixth stands as a proviso of what makes the substance of the fifth. They well admit of the same construction, as they stand in the Revised Statutes. Unless they are so read, there is nothing to fix the court to which the surrender may be made. Entertaining this view of the construction of the statute, it follows that the surrender in this case, being made when no action was pending against the bail, when no proper parties were before the court, and when no notice was given to the creditor, was a proceeding *coram non judice*,

---

---

unauthorized by the statute, and it had no effect whatever on the rights of the parties. As there was no action pending, it would have been clearly an indispensable requisite to bind the plaintiff, that a proceeding should be commenced, of which notice could be given ; and the want of a provision for such notice is conclusive evidence that the surrender was designed to be a part of the proceedings upon the *scire facias*, or in the original action.

It is further urged that the commitment under the order of court, if invalid as a discharge to the bail, by force of the order, is yet an effectual commitment under the fourth section, which authorizes the bail to commit to prison, and makes such commitment, if followed by notice to the creditor and security to the jailer for the board, a valid discharge for the bail ; and we think this view may well be sustained, the commitment, at the instance of the bail, may well be regarded as made by their authority. But the case finds neither notice to the creditor nor any security for the board. It is, however, suggested that the notice of the poor debtor's oath from the debtor, was equivalent to notice from the creditor, as required by the statute ; and that the bond, required by the act for the ease and relief of poor debtors being given, superseded the necessity of a bond for the board of the principal. We think there is no foundation for these opinions. The statute affords relief to the bail upon certain specified conditions. If these are performed, the bail are discharged. Otherwise they remain liable. Judgment is, therefore, to be entered on the verdict.

*On motion, the case was continued.*